IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

STEPHANIE PATRICE MAXFIELD                                                                    PLAINTIFF

vs.                                         Civil No. 4:18-cv-04032

ANDREW SAUL
Commissioner, Social Security Administration                                               DEFENDANT

## ORDER

Pending now before the Court is Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b). ECF No. 25. The Motion and supporting documents were filed on May 12, 2020. *Id.* On May 26, 2020, Defendant responded to Plaintiff's Motion. ECF No. 26. This matter is now ripe for consideration.

**1.      Background**

On March 8, 2018, Plaintiff appealed to the Court from the Commissioner of the Social Security Administration's ("SSA") denial of her request for disability benefits. ECF No. 1. On January 11, 2020, Plaintiff's case was reversed and remanded to the SSA for further administrative review. ECF No. 24.

After that remand, Plaintiff was awarded disability benefits. ECF No. 25. Of the amount awarded, a total of $12,743.50 of the back-pay was withheld as attorney's fees. *Id.* This amount was withheld pursuant to the fee contract entered into between Plaintiff and Plaintiff's counsel. *Id.* With the current Motion, Plaintiff seeks $12,743.50 as attorney's fees. *Id.*

**2.      Applicable Law:**

Pursuant to 42 U.S.C. § 406(b)(1)(A), whenever a court renders a judgment favorable to a claimant, that court is permitted to determine and to allow as part of its judgment a reasonable fee for the representation of the claimant before the court. This fee must not be in excess of 25 percent of the

total past-due DIB to which the claimant is entitled by reason of such judgment, and this fee may be taken out of the amount of the Plaintiff's past-due DIB.  *See id.*  However, a court is not authorized to award attorney's fees out of a claimant's past-due SSI.  *See id.; Bowen v. Galbreath,* 485 U.S. 74, 78 (1988) (holding that a court is not authorized to award past-due SSI benefits as attorney's fees under Section 406(b)).

Furthermore, a court is not authorized to approve a fee for time spent in the representation of the Plaintiff at the agency level.  *See* 42 U.S.C. § 406(b)(1).  It is the Commissioner's responsibility to award the fees for any representation before an agency and such fees are not awarded by the courts.  *See Pittman v. Sullivan,* 911 F.2d 42, 46 (8th Cir. 1990) (holding that "the matter of attorney's fees for services performed at the administrative level is committed by § 406(b)(1) to the responsibility of the Secretary exclusively and such fees may not be awarded by the courts").  Instead, a plaintiff's attorney must petition the agency for these fees.  *See* 42 U.S.C. § 406(a).

In determining the reasonableness of a requested fee, the Eighth Circuit previously determined that the "lodestar" approach should be applied.  *See Cotter v. Bowen,* 879 F.2d 359, 363 (8th Cir. 1989), *abrogated by Gisbrecht v. Barnhart,* 535 U.S. 789 (2002).  The lodstar approach for fee setting states that a reasonable fee is obtained by multiplying the number of hours reasonably worked on a case by a reasonable hourly rate.  *Id.* The United States Supreme Court has, however, abrogated *Cotter* and held that the lodestar approach should not be used as the standard for calculating reasonable attorney's fees.  *See Gisbrecht v. Barnhart,* 535 U.S. 789, 793 (2002).

Instead, the United States Supreme Court held Section 406(b) instructs courts to use attorney-client contingency fee agreements to determine the fees to be awarded.  *Id.* at 808. Courts should utilize these agreements in awarding fees because the court should not "override customary attorney-

client contingent-fee agreements." *Id.* The court is, however, required to review the reasonableness of fees yielded by a contingency fee agreement when awarding fees under Section 406(b). *Id.* (holding that "§ 406(b) instructs courts to review for reasonableness fees yielded by those [contingency-fee] agreements").

3.    **Discussion:**

The Plaintiff's attorney asserts he has spent 22.30 hours in the representation of Plaintiff before this Court. ECF No. 25. The contingency fee agreement between Plaintiff and Plaintiff's attorney reflects Plaintiff agreed to pay his attorney 25 percent of the past-due benefits awarded if a claim is awarded "following an order of remand issued by the Social Security Administration or a Federal Court." *Id*. Twenty-five percent of the Plaintiff's past-due benefits is $12,743.50. The Plaintiff's attorney seeks approval before this court for an attorney fee award of $12,743.50. ECF No. 25.

Balancing the Court's duty to protect the Plaintiff's disability award against a fee that is substantial enough to encourage attorney's to accept social Security cases, and considering the factors listed above, the Court does not believe that the contingent-fee agreement here or the $12,743.50 requested by Plaintiff's counsel produces an "unreasonable fee." Further, it should be noted Defendant does not object to Plaintiff's request for attorney fees. ECF No. 26.

The Court should not simply "rubber-stamp" a contingency-fee agreement, but rather should ensure that both the claimant's benefits are protected as well as the attorney's rights to payment for effective assistance of counsel. *See Mitchell v. Barnhart*, 376 F.Supp2d 916, 923 (S.D. Iowa 2005). Lawyers representing social security claimants are entitled to be paid reasonable compensation for their work as much as lawyers performing other types of legal work. *See id.* The Plaintiff's attorney has been practicing social security law for several years. ECF No. 25.

After consideration of the factors outlined above, I find the requested fee of $12,743.50, based on the contingent fee agreement between the Plaintiff and Plaintiff's counsel, to be reasonable.

**4. Conclusion:**

Based upon the foregoing, the Court recommends an award of $12,743.50 in attorney's fees pursuant to 42 U.S.C. § 406(b).

**ENTERED this 28th day of May 2020.**

/s/ *Barry Bryant*
HON. BARRY BRYANT
U.S. MAGISTRATE JUDGE